GAUDIN, Judge.
Gerald L. Daisy was convicted of aggravated rape by a 12-person jury in the 24th Judicial District Court and sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.
He appeals, contending (1) that the prosecution’s use of peremptory challenges was based solely on race, (2) that the evidence was insufficient and (3) that the sentence was excessive.
Neither is there any substance in these assignments of error nor are there any errors patent. Daisy’s conviction and sentence are affirmed.
ASSIGNMENT NO. 1
Daisy, who is black, while the victim is white, relies on Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) in this assignment of error. In Bat-son, the United States Supreme Court held that the equal protection clause of the federal constitution prohibits prosecuting attorneys from challenging and thereby removing jurors only because of their race.
The jury selected to hear Daisy’s case included five blacks. Five other blacks were removed peremptorily, but the record indicates that there were valid, non-racial reasons for these challenges. Appellant’s brief does not specify which black jurors were dismissed basically because of their race.
The state prosecutor, in accord with LSA-C.Cr.P. art. 799, had 12 peremptory challenges and he used only five. Had he chosen to excuse the blacks who did sit, he obviously could have done so.
The 12 selected jurors demonstrated that they could give Daisy a fair and impartial hearing. All of those excused, including those challenged by the assistant district attorney and those excused by the defense, were apparently removed for causes not related to race. In any event, Daisy falls far short of establishing a prima facie case of unconstitutional discrimination.
Ten jurors must agree on a conviction for aggravated rape. Here, 11 jurors voted to convict, meaning that at least four of the blacks found Daisy guilty as charged. Appellant’s challenge based on Batson is unsupported by the record.
ASSIGNMENT NO. 2
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and numerous subsequent state and federal decisions recite clearly an appellate court’s *1082 role in reviewing sufficiency of proof. A conviction cannot stand unless all elements of the charged crime have been proven beyond a reasonable doubt, considering the evidence in a light most favorable to the prosecution.
Aggravated rape, LSA-R.S. 14:42, is defined thusly:
“Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
“(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.
“(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
“(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.
“(4) When the victim is under the age of twelve years. Lack of knowledge of the victim’s age shall not be a defense.
“(5) When two or more offenders participated in the act.”
Daisy testified, claiming that the victim had consented. She emphatically disputed this, saying that she had been hitchhiking to her place of employment when appellant offered a ride, which she accepted. She said that Daisy drove her to where he resided with his common law wife, who was not home at the time, and that he beat her and forced her inside, where the rape occurred. She did not consent, she said.
One neutral witness, who lives across the street from Daisy, testified that she heard “someone screaming” so she looked out of her window. She said:
“I seen the man (Daisy) from across the street with a white lady ... and he was beating her. She tried, she ran away some kind of way. She goet away and ran ... and he got her back, then he brought her back ... and was beating her. He brought her up to the door and he had her arm behind her back and he forced her into the door.”
This witness knew Daisy and identified him in the courtroom. She said Daisy struck the victim “more than one time.” The witness gave this pitiful explanation for not calling the police department: “It wasn’t my business.” No doubt, however, the jury believed this witness.
Another witness, who lives three houses from Daisy, testified that she saw the victim shortly after she was attacked. This witness said the victim’s “... face was all blue and red, you know. It looked like she had been beaten.”
Photographs of the victim in evidence show a black eye and bruises, substantiating her testimony that she had been repeatedly struck. The victim also testified that Daisy had a knife and that he held it against her throat.
The victim said that Daisy raped her and that he forced her to perform other sexual acts. When Daisy fell asleep, the victim escaped.
Appellant asks us to accept his story as true, that the victim was willing. The testimony and evidence, however, are strongly and convincingly supportive of Daisy’s guilt and the essential fact that the victim did not agree to be beaten and sexually assaulted.
ASSIGNMENT NO. 3
The sentence imposed on Daisy is mandatory. The imposition of a mandatory life sentence for certain crimes, including aggravated rape, is not excessive, cruel or unusual. See State v. Talbert, 416 So.2d 97 (La.1982).
Finding no merit in the foregoing assignments of error and discovering no errors patent, we affirm Daisy’s conviction and sentence.
AFFIRMED.