569 So.2d 242 (1990)
STATE of Louisiana
v.
Huey KENNEDY.
No. 89 KA 1550.
Court of Appeal of Louisiana, First Circuit.
October 16, 1990.
*243 Louis Thaddeus Toups, Asst. Dist. Atty., Thibodaux, for plaintiff-appellee State of La.
Diana M. Sanders, Asst. Indigent Defender, Thibodaux, for defendant-appellant Huey Kennedy.
Before LOTTINGER, CARTER and DOHERTY[*], JJ.
CARTER, Judge.
Defendant, Huey Kennedy, was charged by grand jury indictment with aggravated rape, in violation of LSA-R.S. 14:42. Defendant pled not guilty, but, after a trial by jury, was found guilty as charged and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as mandated by LSA-R.S. 14:42 C. Defendant appeals, urging the following assignments of error:
1. There was insufficient evidence presented at the trial to establish beyond a reasonable doubt that the defendant was guilty of aggravated rape.
2. The trial court erred in denying defendant's motion to suppress evidence.
3. The trial court erred in denying defendant's motion for post-judgment (sic) verdict of acquittal.
4. The life sentence mandated by LSA-R.S. 14:42 is unconstitutionally cruel, unusual and excessive under both the United States Constitution and the Louisiana Constitution.

FACTS
On September 20, 1987, the victim was walking down a main thoroughfare in Thibodaux, Louisiana. An automobile operated by a black male approached her from behind. The driver told the victim to get in the vehicle. He threatened that, if she did not do so, he was going to shoot her. The victim complied, and the perpetrator drove *244 to a secluded area. First, he robbed her, taking her wedding ring, other jewelry, and a small amount of cash which she was carrying. The victim was forced to perform oral sex on the assailant. Next, the victim was pulled from the car, stripped of her clothing, and sodomized by the assailant. The victim was screaming when she heard a vehicle approach. The assailant was startled at the vehicle's approach and fled. The victim was able to see the license plate number on her assailant's automobile as he drove off, and she memorized it. The victim then ran onto a nearby highway in an attempt to flag down assistance.
The operator of another vehicle, which passed by the crime scene shortly after the victim ran out onto the highway, saw the victim and reported to the Lafourche Parish Sheriff's Office that a woman on the Brule Guillot Road appeared to be in distress. A patrol deputy responded to the call, along with another unit. The law enforcement officials located the victim, and she gave them a description of her assailant, a description of his automobile, and his license tag number. A deputy called in that license tag number to his dispatcher, and the information provided therefrom indicated that the vehicle in which the victim's assailant fled was registered to a Huey Kennedy.
The deputy then issued a "Be On Lookout" bulletin for Kennedy's vehicle. While transporting the victim to the hospital, the deputy was notified that Kennedy's vehicle had been located by the Thibodaux Police Department at the Turner Motel in Thibodaux, Louisiana. Officers from that department ascertained that a Huey Kennedy was registered in room number four. The officers went to that room, found defendant there, and arrested him. The room was searched, and some of the victim's belongings were found under the mattress.

MOTION TO SUPPRESS
Defendant avers that the trial court erred in denying his motion to suppress the evidence which was discovered during the search of his motel room. Defendant argues that a search warrant was not obtained prior to the contested search and, also, that none of the well-delineated exceptions to the warrant requirement apply herein.
The state bears the burden of proving the admissibility of evidence seized during a search without a warrant. LSA-C.Cr.P. art. 703 D. A search conducted without a warrant is per se unreasonable under the 4th Amendment to the U.S. Constitution, subject only to a few specifically established and well-delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). One of these exceptions is a search incident to a lawful arrest made of a person and the area in his immediate control. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). When a lawful arrest is made on probable cause, a warrantless search incident thereto of the person and area in his immediate control is permissible. State v. Andrishok, 434 So.2d 389 (La.1983). Essentially, the justification for the warrantless search of a person arrested for a crime is based upon the exigency of removing any weapons and preserving any evidence within the immediate reach of the person arrested. State v. Jenkins, 468 So.2d 1347 (La.App. 1st Cir.1985). However, to justify a search as incident to arrest, the arrest must have occurred and the arrest must have been lawful. State v. Raheem, 464 So.2d 293 (La.1985).
A peace officer may lawfully arrest a person without a warrant when he has reasonable (probable) cause to believe that the person to be arrested has committed an offense. LSA-C.Cr.P. art. 213. Probable cause to arrest exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. State v. Jarmon, 543 So.2d 93 (La.App. 1st Cir.), writ denied, 551 So.2d 1334 (La.1989).
In this case, a law enforcement officer arrived near the area of the crime scene shortly after the instant rape. The victim manifested physical injuries and expressly *245 told the deputy that she had been raped by a black male. The victim was able to provide a description of her assailant and the automobile he was driving. Also, she memorized the license tag number. From this information, the officers were able to determine that the automobile belonged to defendant herein. The automobile was located shortly thereafter at a local motel. Another officer who knew defendant went to defendant's room at the motel and knocked on the door. A black female opened the door slightly, and the deputy saw and recognized defendant.
Given the fact that an offense had recently occurred, that the victim had relayed defendant's physical description and the license tag number on his automobile to law enforcement officers, and that one of the deputies knew defendant and matched his physical description with that given by the victim, there was certainly probable cause to support defendant's arrest herein. See State v. Charles, 511 So.2d 1164 (La.App. 1st Cir.), writ denied, 515 So.2d 1107 (La. 1987). Since defendant's arrest was lawful, the search herein was permissible. See State v. Andrishok, 434 So.2d at 391. Accordingly, the trial court did not err in denying defendant's motion to suppress the evidence seized at the time of his arrest.

SUFFICIENCY OF THE EVIDENCE
Defendant also avers that the trial court erred in denying his motion for post-verdict judgment of acquittal. Defendant contends that the victim did not at any time resist the act of rape to the utmost, nor was she prevented from resisting the act by threats of great and immediate bodily harm accompanied by apparent power of execution. Defendant asserts that the victim testified that her life was threatened if she did not get into the automobile, not if she did not submit to having sex. Defendant asserts that the victim's testimony shows that she was pushed around, not that she was physically beaten. Finally, defendant asserts that the victim's testimony indicated that she believed defendant had a gun, not that she actually saw a gun. For these reasons, defendant contends that the jury should not have found him guilty of aggravated rape. Indeed, defendant submits that, if he is guilty of any crime, it is the crime of forcible rape.
LSA-C.Cr.P. art. 821 states, in part, that a post-verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in the light most favorable to the state, does not reasonably permit a finding of guilt. When considering sufficiency of the evidence, the standard of review is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Polkey, 529 So.2d 474 (La.App. 1st Cir.1988), writ denied, 536 So.2d 1233 (La.1989).
Aggravated rape includes a rape that is committed where the anal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution. LSA-R.S. 14:42 A(2).
The victim testified that defendant threatened to kill her if she did not get into his automobile. She stated that defendant told her he had a gun and that she saw the tip of the barrel of a handgun protruding from his overalls. After the victim complied with her assailant's request, he leaned over to shut her door. The victim testified that the defendant drove at a high rate of speed to a secluded area. Upon arrival, the victim attempted to get out of the automobile in order to flee. She asked defendant to please let her go and not to touch her. However, defendant pushed her head down to his crotch and forced her to perform oral sex on him. The victim then testified that defendant grabbed her by the neck and pulled her out of the automobile, dragging her to the rear thereof. Defendant then opened the trunk of his automobile, retrieved a flashlight and filled it with rocks. Defendant then grabbed the victim by the neck, turned her around, and pushed her onto the trunk of the automobile. The *246 victim testified that she was forced to lean over the trunk of the automobile with her hands on the trunk. The victim testified that the defendant then spat into her anus and sodomized her in a brutal manner.
The testimony of a victim is sufficient to establish the elements of aggravated rape. State v. Walder, 504 So.2d 991 (La.App. 1st Cir.), writ denied, 506 So.2d 1223 (La.1987). Moreover, law enforcement officers testified that they found the victim in a state of terror and hysteria. Further, the officers were able to locate defendant shortly after the crime occurred and discovered within his possession property belonging to the victim.
Viewing the above evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the state proved that defendant committed the crime charged herein. Therefore, this assignment of error is without merit.

MANDATORY SENTENCE OF LSA-R.S. 14:42 UNCONSTITUTIONALLY EXCESSIVE
In his fourth assignment of error, defendant contends that the mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence is cruel and unusual punishment in violation of Louisiana Constitution Article 1, § 20. Defendant contends that a sentence, although within the statutory limit, may still violate a defendant's right against excessive punishment.
Although it is true that a mandatory sentence is still subject to review for excessiveness, see State v. Lively, 457 So.2d 1236 (La.App. 1st Cir.1984), this court has found on prior occasions that the mandatory sentence for aggravated rape is not unconstitutionally excessive under either the Louisiana or United States Constitutions. State v. McDaniel, 515 So.2d 572 (La.App. 1st Cir.1987), writ denied, 533 So.2d 10 (La.1988), State v. Hookfin, 476 So.2d 481 (La.App. 1st Cir.1985). Accordingly, we do not find that the sentence imposed herein is excessive.

CONCLUSION
For the above reasons, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[*] Judge Lewis S. Doherty, III, retired, is serving as judge pro tem by special appointment of the Louisiana Supreme Court to fill the vacancy created by the temporary appointment of Judge Melvin A. Shortess to the Supreme Court.