670 So.2d 733 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Eddie Wayne VIREE, Defendant-Appellant.
No. CR95-176.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1996.
*734 Charles F. Wagner, Dist. Atty., T. Gerald Henderson, Alexandria, for State of Louisiana.
Joseph Richard Kutch, Pineville, for Eddie Wayne Viree.
Before DOUCET, C.J., and KNOLL and DECUIR, JJ.
KNOLL, Judge.
On May 27, 1994, defendant, Eddie Wayne Viree, was convicted on two counts of aggravated rape under La.R.S. 14:42A(4). The victims were the defendant's two daughters, ages ten and eleven. At that time, a conviction for aggravated rape carried a mandatory sentence of life imprisonment without benefit of parole, probation, or suspension of sentence, and defendant was sentenced accordingly.[1]
Defendant appeals his conviction and sentence, assigning three errors: (1) that the evidence adduced is insufficient, when viewed in a light most favorable to the prosecution, to allow a rational trier of fact to conclude guilt of aggravated rape beyond a reasonable doubt; (2) that the trial court erred in refusing to reconsider sentence in that the mandatory sentence imposed by the statute is constitutionally excessive; and (3) that the trial court erred in refusing to grant a new trial based upon newly discovered evidence. We find no merit in defendant's assignments of error. Accordingly, his conviction and sentence are affirmed.

FACTS
In Alexandria, in late October, 1993, defendant invited his three children to spend the Halloween weekend with him. The defendant and the children's mother had been separated for at least five years at this time, and the defendant had only infrequent contact with his children. This was the first time that the children would spend the night with the defendant since the separation.
On Friday, October 29, 1993, the defendant picked up the two girls, then ages ten and eleven, and their younger brother, age nine, at their mother's house. The defendant had been drinking. They stopped for a short time at the home of a friend of the defendant, then they proceeded to the home of the defendant's sister, with whom the defendant was residing.
The defendant's two daughters testified that during the course of that evening, the defendant had sexual intercourse with both of them. They spent the remainder of the weekend at their father's house, and returned home at 6:30 p.m. on Sunday, October 31. When they got home, the victims told their thirteen year-old cousin what had happened. They then told their mother.
The two victims were then taken to Rapides Regional Hospital, where they were interviewed by Detective Donna Duncan of the Rapides Parish Sheriffs Office. Nearly 48 hours had elapsed since the attack, and both victims had since gone to the bathroom and bathed. Therefore, the chance of finding sperm in a physical examination was greatly reduced. Because the deputy coroner who usually handled these examinations was unavailable that night, the victims were not physically examined until Wednesday, November 3.
The physical examination was conducted by Dr. David Lee Spence, a deputy coroner of Rapides Parish. Dr. Spence's findings were consistent with the history given by the victims. His examination confirmed recent penetration and vaginal trauma in both victims, and that both victims were not sexually active before the trauma occurred.
The defendant was tried between May 24 and May 27, 1994. During the trial the defendant's daughters gave a detailed account of what happened over Halloween weekend, 1993. The younger daughter testified that the defendant had intercourse with *735 her on three different occasions on Friday, October 29, 1993. She further testified that she witnessed the defendant having intercourse with her older sister. The older daughter testified that the defendant touched her sexually and had intercourse with her. She further testified that she witnessed the defendant having intercourse with her younger sister.
The defendant took the stand in his own defense, and although he confirmed many of the details of the weekend, he denied having any type of sexual relations with his daughters. The defense called several witnesses who testified that the daughters did not seem to be in any distress when they saw them that weekend, and that the girls did not tell them that anything was wrong.
The defendant was convicted, and on June 17, 1994, he was sentenced to two concurrent life sentences without benefit of parole, probation, or suspension of sentence.
After the conclusion of trial, defendant motioned the court for a new trial based on a newly discovered witness, Mr. Earnest Griffin. An evidentiary hearing was conducted wherein Mr. Griffin testified that after the conclusion of trial, he had been sitting on his porch when he heard a voice he identified as that of the victims' mother. He testified that the victims' mother stated that she was glad that the defendant was in prison and that she had coached the victims' testimony. Mr. Griffin admitted that he only overheard part of a conversation, and that he did not actually see the victims' mother. He further admitted that he was addicted to crack cocaine and that he was a drug dealer. The trial court rejected the credibility of Mr. Griffin's testimony and denied the motion for a new trial.

SUFFICIENCY OF EVIDENCE
Defendant contends that there was insufficient evidence to convict him of aggravated rape.
When the issue of sufficiency of the evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex. rel Graffagnino v. King, 436 So.2d 559 (La. 1983); State v. Duncan, 420 So.2d 1105 (La. 1982); State v. Moody, 393 So.2d 1212 (La. 1981). When there is conflicting testimony it is the mandate of the fact finder to make the determination of credibility. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). A fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Jackson, 443 U.S. 307, 99 S.Ct. 2781. Therefore, this court should not second-guess the credibility determinations of the fact finder beyond the Jackson sufficiency evaluation. State v. Richardson, 425 So.2d 1228 (La.1983).
Rape is defined in La.R.S. 14:41:
A. Rape is the act of anal or vaginal sexual intercourse with a male or female person committed without the person's lawful consent.
B. Emission is not necessary and any sexual penetration, vaginal or anal, however slight is sufficient to complete the crime.
Aggravated rape of a child under the age of twelve is defined in La.R.S. 14:42(A)(4):
A. Aggravated rape is a rape committed... where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
* * * * * *
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
Thus, the elements which the State must prove in a prosecution for aggravated rape of a child under twelve are (1) anal or vaginal penetration deemed to be without consent of the victim because of (2) the victim's age at the time of the rape. State v. Henry, 439 So.2d 1242 (La.App. 5 Cir.1983), affirmed, 449 So.2d 486 (La.1984); State v. Jamison, 93-1633 (La.App. 3 Cir. 5/4/94); *736 640 So.2d 438; writ denied, 94-1439 (La. 10/7/94); 644 So.2d 631.
We have carefully reviewed the record, and we find that there is ample evidence to support the conviction. The statements of the victims are internally and externally consistent and are supported by the medical evidence. Although the defendant denied having intercourse with his daughters, the jury determined that the victims' testimony was more credible. Viewing the evidence in a light most favorable to the prosecution, we find that the State proved beyond a reasonable doubt that defendant committed aggravated rape.

SENTENCE
Defendant contends that the sentencing provision of La.R.S. 14:42 is constitutionally excessive where there is no showing of violence, no serious injury, and no showing of psychological harm. Defendant argues that the mandatory sentence of life imprisonment without benefit of parole, probation, or suspension of sentence is unfair when the sole aggravating factor in the crime is the age of the victim. Defendant contends that "the distinctions made by the legislature are not rationally based but based upon emotion and political posturing before an electorate made fearful to the point of hysteria about child molesters by media hype."
In State v. Foley, 456 So.2d 979 (La.1984) the Louisiana Supreme Court discussed the constitutionality of the mandatory life sentence for aggravated rape, and it conducted a proportionality analysis under Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).[2] The court found that the mandatory life sentence for aggravated rape is a valid exercise of legislative prerogative. In holding that the mandatory sentence was constitutional, the court stated:
Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), held that a death sentence for rape is excessive punishment under the Eighth Amendment, but did not discount the seriousness of the crime. "It is highly reprehensible both in a moral sense and in its almost total contempt... of the female victim and for the latter's privilege of choosing those with whom intimate relationships are to be established. Short of homicide, it is the ultimate violation of self." 433 U.S. at 597, 97 S.Ct. at 2869, 53 L.Ed.2d at 992, 993. Aggravated rape inflicts mental and psychological damage to its victim and undermines the community sense of security. Defendant's argument that his victim has suffered no lasting psychological damage is unsubstantiated. Aggravated rape deserves a harsh penalty; it is one of the most violent felonies a person can commit.
Foley, supra at 982-983.
Defendant attempts to distinguish Foley, in that his intercourse with his daughters did not involve vicious physical violence. This very issue was addressed in State v. Polkey, 529 So.2d 474 (LaApp. 1 Cir.1988), writ denied, 536 So.2d 1233 (La.1989):
As the Louisiana Supreme Court noted in State v. Foley, supra at 983, aggravated rape inflicts mental and psychological damage to its victim and undermines the community sense of security. The physical trauma and indignities suffered by the young victim of this offense were of enormous magnitude. Moreover the perpetration of this offense by one related to the victim by such a close degree of consanguinity is especially offensive to society as a whole. Finally, considering the age of the victim and the duration of the indignities she suffered, a lesser sentence, even if available, would truly deprecate the seriousness of the offense.
Polkey, supra at 477.
We are in agreement with the First Circuit's holding in Polkey, and confirm its applicability to the case sub judice. Defendant's *737 attempt to distinguish Foley is without merit.
The defendant's claims that the mandatory sentence is inspired by "political posturing" and "media hype" are also meritless. We note with appropriateness and approval the following comments from the State's brief:
[T]he provision defining aggravated rape as having intercourse with children under the age of twelve has been a part of the Louisiana Criminal Code since its inception.... Moreover, rape, including the common law definition of intercourse with a female under the age of twelve, was punishable by death as early as 1805, apparently before "press inspired hysteria" gripped the electorate.

NEW TRIAL
Defendant contends that the trial judge erred in refusing to order a new trial based on the newly discovered testimony of Earnest Griffin. Mr. Griffin testified that he overheard someone he identified as the victims' mother stating that she had orchestrated the victims' testimony. Mr. Griffin did not see the person making this statement, but said that he recognized the voice and the subject matter of the conversation. Mr. Griffin admitted that he did not immediately report what he heard, but once he had been incarcerated on an unrelated offense, he decided to come forward. Mr. Griffin further admitted that he was a crack cocaine addict, and that he also was a drug dealer.
Grounds for a new trial are covered by La.Code Crim.P. art. 851, which states, in relevant part:
The court, on motion of the defendant, shall grant a new trial whenever:
* * * * * *
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.
La.Code Crim.P. art. 851(3).
The ruling on a motion for new trial is committed to the sound discretion of the trial judge and will be disturbed on appeal only when there is a clear showing of an abuse of that discretion. State v. Graham, 422 So.2d 123 (La.1982). The trial court fairly characterized Mr. Griffin's testimony as "murky," and noting the credibility of the witness, stated that the newly discovered testimony would not have swayed the jury to acquit. We agree with the trial court that the newly discovered evidence would not have impacted the outcome of the trial.
For the reasons assigned, we affirm the defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] We note in passing that the penalty provision of La.R.S. 14:42 has been recently changed. By Act No. 397 of 1995, La.R.S. 14:42 was amended to provide a sentence of either the death or life imprisonment for aggravated rape involving victims under twelve years of age.
[2] This issue has been addressed on numerous occasions by our courts, and the constitutionality of the sentence has been consistently upheld. See State v. Kennedy, 569 So.2d 242 (La.App 1 Cir.1990), writ denied, 575 So.2d 387 (La.1991); State v. Conway, 556 So.2d 1323 (La.App. 3 Cir.), writ denied, 563 So.2d 876 (La.1990); State v. Daisy, 528 So.2d 1080 (La.App. 5 Cir.1988); State v. McDaniel, 515 So.2d 572 (La.App 1 Cir. 1987), writ denied, 533 So.2d 10 (La.1988); State v. Coolie, 483 So.2d 1048 (La.App. 5 Cir.1985), writ denied, 493 So.2d 1216 (La.1986).