NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-746

STATE OF LOUISIANA

VERSUS

J.B.B.

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 260,779
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Jimmie C. Peters, Marc T. Amy, and Michael G. Sullivan, Judges.

AFFIRMED.

James C. Downs
District Attorney
Brian C. Cespiva
Assistant District Attorney
701 Murray Street
Alexandria, Louisiana 71301
(318) 473-6650
Counsel for:
        State of Louisiana

Annette Fuller Roach
Louisiana Appellate Project
Post Office Box 1747
Lake Charles, Louisiana 70602-1747
(337) 436-2900
Counsel for Defendant/Appellant:
        J.B.B.

**J.B.B. #324154**
**In Proper Person**
**Camp Raven 1Right Cell #2**
**Angola State Penitentiary**
**Angola, Louisiana  70712**

**SULLIVAN, Judge.**

Defendant appeals his mandatory life sentence for aggravated rape of a child under the age of twelve. We affirm.

### Facts

J.B.B.[1] was indicted with four counts of aggravated rape of a child under the age of twelve[2] in violation of La.R.S. 14:42. The indictment asserted that the rapes were committed between August 1, 2000 and March 10, 2001. Defendant waived his right to trial by jury, and a trial on the merits was held. At trial, the State introduced evidence showing that Defendant anally raped his ten-year-old nephew while the boy was spending the night with him. The child reported anal penetration, and a medical examination of the child corroborated the sodomy. Medical evidence established that the child's sphincter muscles were unusually lax and caused anal gaping, such that the sphincter muscles were no longer capable of closing completely.

The trial court found Defendant guilty of one count of aggravated rape and not guilty of the remaining three counts. The trial court believed the child's testimony was "truthful, believable, and unwavering. The court listened very carefully for any hesitations, any waverings[,] or any retractions, and there were none." The trial court found that the medical evidence corroborated the child's story and observed, "What makes this case even more concerning is the mental damage that [the victim] will have to live with and the damage to all family members concerned." Defendant was

---

[1] In accordance with La.R.S. 46:1844(W), the initials are being used to protect the identity of the minor victim.

[2] Acts 2003, No. 795, § 1, substituted "thirteen years" for "twelve years" in La.R.S. 14:42(A)(4).

sentenced to serve life imprisonment without benefit of probation, parole, or suspension of sentence. He now appeals his conviction and sentence.

### Waiver of Jury Trial

Defendant filed a *pro se* brief in which he contends that he could not be tried by a judge because the potential penalties for aggravated rape at the time of the offense included the death sentence. He further alleges that he could not have validly waived his right to trial by jury because the prosecution did not formally state it was not seeking a death sentence in his case.

Article I § 17(A) of the Louisiana Constitution provides, "A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. . . . Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury," and La.Code Crim.P. art. 782 provides, "A. Cases in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict . . . . B. Trial by jury may be knowingly and intelligently waived by the defendant except in capital cases."

These two articles require a unanimous jury verdict only if the "punishment may be capital." *See also, State v. Singleton*, 05-622 (La.App. 5 Cir. 1/31/06), 922 So.2d 647. Defendant appeared in open court to waive his right to a jury trial. At that time, the trial court informed him, "if the State can prove certain things then . . . you'll be going to jail for the rest of your life." At the sentencing hearing, the trial court, unopposed by the State, imposed life imprisonment. The record does not establish that the State formally waived its right to seek the death penalty; however,

2

the State did not attempt to have the trial court impose the death penalty at sentencing. Accordingly, we find Defendant's *pro se* argument is without merit.

Defendant also seeks to have his conviction and sentence set aside and a new trial ordered because the trial court failed to assure that his "waiver of his right to a jury trial was voluntarily entered." He urges that the questioning by the trial court during his waiver of his right to jury trial was insufficient to fully inform him of his right to trial by jury and the consequences of being tried by judge alone because the trial court did not: 1) explain the function of the jury; 2) determine that his waiver was free and voluntary; 3) question whether his waiver of trial by jury was to obtain a speedy trial; 4) inquire about his educational background; 5) examine whether he understood the waiver; or 6) indicate it was familiar with his education or understanding. Defendant also claims that his responses to the trial court's questions were vague and that the record establishes he nodded his head at one point with no indication of whether it implied an affirmative or negative answer.

The supreme court has determined that significantly less is required to obtain a valid waiver of a defendant's right to trial by jury than what Defendant claims is necessary. In *State v. Pierre*, 02-2665, pp. 1-2 (La. 3/28/03), 842 So.2d 321, 322 (citations omitted), the supreme court observed:

> Although it remains the preferred method for the district court to advise a defendant of her right to trial by jury in open court before obtaining a waiver, such a practice is not statutorily required. Likewise, it is preferred but not necessary, for the defendant to waive her right to jury trial personally. Counsel may waive the right on the defendant's behalf, provided that the defendant's decision to do so was made knowingly and intelligently.
>
> In the instant case, the record reflects that counsel waived a jury trial on the defendant's behalf. On the second day of trial, the district court memorialized the defendant's earlier waiver in her presence. At this time, defense counsel stated that he and his client had discussed the

3

waiver at length and on several occasions, and that both agreed to the waiver. In these circumstances, the court of appeal erred in its determination that the defendant did not waive her right to a jury trial knowingly and intelligently.

In open court, on January 14, 2002, the prosecution informed the trial court that Defendant desired a trial on the merits instead of a jury trial, and defense counsel stated, "It is his jury trial[,] and he's the one who must verbally waive same." The trial court then asked Defendant if he had discussed the matter with his attorney, whether "after discussing this matter with [counsel], you find it to be in your best interest to go ahead and have this matter tried," and if he wanted his day in court. Defendant answered, "Yes" to all these questions.

The trial court then asked Defendant, "you're asking that upon getting your day in court that you would like for me to try the case as opposed to a jury. Is that correct?" Defendant initially replied, "If you want," then immediately stated, "Yes, Sir." Defendant next stated, "I swear to God I was set up," to which the trial court explained:

> No, no, no. I don't want you to try the case but I understand exactly what you're telling me. I just need to know that you understand the ramifications of what you do. Okay. The charge that you're facing is a very serious charge and if the State can prove certain things then what happens is that it puts you in a position that you'll be going to jail for the rest of your life. That's what that means. See, that's what kind of charge you've got. You understand that.

Defendant did not verbally respond, but the court reporter noted, "defendant nods."

Although Defendant did not verbally respond to the trial court's last statements, the colloquy prior to this final exchange establishes that the trial court clearly informed Defendant of his right to trial by jury and that Defendant, both personally and through his attorney, stated that he desired a bench trial instead. This assignment is without merit.

4

### *Excessive Sentence*

Defendant contends that the life sentence imposed on him is "nothing more than a needless imposition of pain and suffering and thus a violation of Article I, § 20 of the Louisiana Constitution and the Eighth Amendment of the United States Constitution" and that the trial court *would* have deviated from the mandatory life sentence if allowed. He correctly notes that, although a mandatory life sentence is presumed constitutional, a defendant can rebut the presumption by showing he is exceptional. *See State v. Johnson*, 97-1906 (La. 3/4/98), 709 So.2d 672.

In support of his claim that his sentence is excessive, Defendant points out that, while he has a prior felony record, he has never before been accused of a sex offense. He also claims that the evidence was minimal, internally inconsistent, and vague as to what occurred and whether it occurred on more than one occasion. Defendant's support for this claim is the lack of evidence concerning the degree of penetration and the physical and psychological injury suffered by the child as a result of Defendant's actions. Defendant further contends that the penalty imposed on him for the aggravated rape of his nephew should be less than what would have been imposed if he had "thrash[ed] the victim within an inch of his life."

Defendant is not entitled to a review of his sentence because he did not make an oral motion for reconsideration of his sentence and he did not file a written motion to reconsider sentence with the trial court alleging specific errors. La.Code Crim.P. art. 881.1. However, we will review his sentence for bare excessiveness in the interest of justice. *State v. Graves*, 01-156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied*, 02-29 (La. 10/14/02), 827 So.2d 420 (citing La.Code Crim.P. art. 881.1).

5

The life sentence for a conviction of aggravated rape is a mandatory sentence. La.R.S. 14:42. In *State v. Prudhomme*, 02-511, p. 17 (La.App. 3 Cir. 10/30/02), 829 So.2d 1166, 1177, *writ denied*, 02-3230 (La. 10/10/03), 855 So.2d 324, this court discussed whether a mandatory minimum sentence can be excessive, explaining:

> A mandatory minimum sentence may be excessive if the sentence makes no measurable contribution to acceptable goals of punishment and amounts to the purposeful imposition of pain and suffering and is grossly disproportionate to the crime. *State v. Dorthey*, 623 So.2d 1276 (La.1993). On the other hand, a mandatory minimum sentence is presumed to be constitutional. *State v. Johnson*, 97-1906 (La.3/4/98); 709 So.2d 672. To rebut this presumption, the defendant must carry the burden to show that he is exceptional. *Id*. Specifically, the defendant must show that, due to unusual circumstances, he is "a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case." *Id*. at p. 8; 709 So.2d at 676 (quoting *State v. Young*, 94-1636, pp. 5-6 (La.App. 4 Cir. 10/26/95); 663 So.2d 525, 528, *writ denied*, 95-3010 (La.3/22/96); 669 So.2d 1223).

The trial court sentenced Defendant in accordance with La.R.S. 14:42, and Defendant's arguments do not establish that he is "exceptional." Additionally, contrary to Defendant's argument that the evidence is lacking as to the degree of penetration, the medical evidence established that he penetrated the victim to the extent that it caused his anus to gape open. Moreover, while the full extent of the physical and emotional trauma suffered by the victim was not established at trial, the trial court recognized in its reasons the traumatic effect Defendant's actions had on the victim as well as his family. Furthermore, this court has consistently held that life imprisonment for aggravated rape is not constitutionally excessive, even in cases where the physical violence against the victim was not particularly vicious. *State v. H.J.L.*, 08-823 (La.App. 3 Cir. 12/10/08), 999 So.2d 338; *State v. Leyva-Martinez*, 07-1255 (La.App. 3 Cir. 4/30/08), 981 So.2d 276, *writ denied*, 08-1200 (La. 1/30/09), 999 So.2d 747; *State v. Viree*, 95-176 (La.App. 3 Cir. 3/6/96), 670 So.2d 733, *writ*

6

*denied*, 96-885 (La. 9/20/96), 679 So.2d 431; *State v. Thibodeaux*, 94-605 (La.App. 3 Cir. 12/7/94), 647 So.2d 525.

This assignment of error is without merit.

### *Effective Assistance of Counsel*

Defendant claims that he was denied effective assistance of counsel by his trial attorney's failure to file a "written motion to reconsider sentence, to correct the trial court's mis-conception that it could not deviate below the mandatory sentence of life imprisonment" after the trial court indicated it would not have a problem deviating from the sentence if allowed. He alleges that his trial lawyer further failed to preserve the issue for review and failed to provide the sentencing court with the proper authority and facts upon which it could base a downward departure from the mandatory life sentence. Defendant submits these failures prejudiced the trial court and negatively affected the penalty it imposed. He asks this court to set aside his sentence and remand the matter for resentencing.

Usually, ineffective assistance of counsel claims raised on appeal are relegated to post-conviction relief. *State v. Lee*, 08-456 (La.App. 3 Cir. 11/5/08), 996 So.2d 1217. However, because Defendant's claim involves allegations of sentencing errors, it is not reviewable in an application for post-conviction relief. *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172. Therefore, we will review the merits of these claims.

Defendant relies on a statement made by the trial court at the sentencing hearing for support of his claim that the trial court would have deviated from the mandatory life imprisonment sentence provided in La.R.S. 14:42 if it had been informed that it could do so. When sentencing Defendant, the trial court stated:

7

"You were found guilty. And the sentence is not something that I can deviate from. If I could, I would. I wouldn't have any problem." Contrary to Defendant's contention, the trial court's statement does not clearly indicate it was open to deviating toward a more lenient sentence, as the statements could also be interpreted as an indication that the trial court felt the death penalty would have been more appropriate than life imprisonment.

This court has held that ineffective assistance of counsel claims must meet two separate criteria in order to have merit:

> In order to prove that counsel was ineffective, the defendant must meet the two-pronged test enunciated by the Supreme Court. First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that this deficiency prejudiced the outcome of the trial. To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that his defense attorney failed to meet the level of competency normally demanded of attorneys in criminal cases.
>
> In considering allegations of ineffectiveness, defense attorneys are entitled to a strong presumption that their conduct fell within the broad range of reasonable professional assistance. The United States Supreme Court has held that the benchmark for judging a charge of ineffectiveness is whether the attorney's conduct so undermined the proper functioning of the adversarial process that the trial cannot be considered to have produced a just result.
>
> It is not enough for an accused to make allegations of ineffectiveness; the accused must couple these allegations with a *specific showing of prejudice*. A claim of ineffective assistance of counsel may be disposed of based upon a failure to satisfy either criteria of the established two-pronged test; if the accused's claim fails to satisfy one, the reviewing court need not address the other. A brief review of the defendant's complaints against his attorneys will demonstrate the deficiency of his arguments.

*State v. James*, 95-962, pp. 4-5 (La.App. 3 Cir. 2/14/96), 670 So.2d 461, 465 (citations omitted).

Defendant has not established that he is exceptional and warrants a lesser sentence than the mandatory life sentence provided for by La.R.S. 14:42. Therefore,

8

he has not establish that his trial counsel's performance was deficient. Furthermore, he has not established he was prejudiced by trial counsel's performance because he has not established that the trial court would have considered imposing a lesser sentence. This assignment of error is without merit.

### *Disposition*

Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.