LeBLANC, Judge.
Michael Anthony Magee was indicted for the aggravated rape of a fifteen year old girl, in violation of La.R.S. 14:42. He was tried by a jury, which convicted him of the responsive offense of sexual battery. Defendant was adjudicated a habitual offender; and the trial court thereafter imposed a sentence of twenty years at hard labor. He appealed, urging five assignments of error, as follows:
1. The evidence is not sufficient to sustain the verdict.
2. The court erred by denying defendant’s motion for a new trial.
3. The court erred by denying defendant’s motion for a mistrial.
4. The sentence is excessive.
5. The court erred by finding defendant to be a multiple offender.
Assignments of error two and five were not briefed on appeal and, therefore, are considered abandoned. Uniform Rules— Courts of Appeal, Rule 2-12.4.[1]
FACTS
Defendant was charged with the aggravated rape of a fifteen year old girl in Bogalusa, Louisiana. The victim was walking along a city street with Jeffery Brown, a cousin of defendant. Defendant approached the couple; and, after a brief conversation, he forced the victim at gunpoint into a car driven by Arthur Ray Min-go. Brown immediately telephoned the city police department and provided details of the abduction, including a description of the car and his cousin’s name as the perpetrator.
Defendant, the victim, and Mingo drove around in the city for a short time. Defendant and Mingo forced the victim to disrobe and both had intercourse with her. She was later released. Defendant forced her to write his telephone number on the sole of her shoe before he permitted her to go.
The victim fled to the nearby home of a friend, where she cleaned herself. Her mother found her there about twenty minutes later.
Defendant and Mingo were apprehended shortly after they released the victim. Defendant gave two taped statements in which he claimed that he had not had intercourse with the victim and that she voluntarily accompanied them. Mingo gave a statement in which he claimed he gave a ride to defendant and a girl and did not know what happened after he let them out. He later retracted that statement and admitted that he had engaged in oral relations with the victim; however, he claimed defendant had forced him to submit to the contact. Mingo further testified that the victim and defendant voluntarily engaged in sexual intercourse as he drove them around the city.
Mingo testified at trial, claiming the victim voluntarily accompanied them. He admitted that he had pled guilty to a charge of carnal knowledge of a juvenile.
*435 The victim also testified at trial, relating that she had been forcibly abducted and raped. The state introduced photographs of her, showing several large bruises, clearly more indicative of physical abuse than consensual relations. The jury returned the responsive verdict of guilty of sexual battery.
SUFFICIENCY OF THE EVIDENCE
By assignment of error number one, defendant submits that the evidence is not sufficient to sustain the verdict. He contends that the fact that the jury returned the responsive verdict of guilty of sexual battery establishes that the victim’s testimony was not credible. Moreover, he claims the evidence is not sufficient because the state did not produce medical evidence establishing the elements of the offense; nor did the state produce a weapon.
Defendant’s arguments have no merit. Although he correctly asserts that the state did not introduce corroborating medical, scientific or physical evidence, the testimony of thé victim is sufficient to establish the elements of the offense. State v. Walder, 504 So.2d 991 (La.App. 1st Cir.), writ denied, 506 So.2d 1223 (La.1987). This court on appeal will not assess the credibility of witnesses or reweigh the evidence to overturn a factfinder’s determination of guilt. See State v. Matthews, 450 So.2d 644 (La.1984). It is not necessary to prove the use of a weapon in order to convict an accused of sexual battery. Finally, although defendant argues that his culpability should be judged in comparison to the plea entered by Mingo, that factor is totally irrelevant to the degree of guilt of this defendant.
DENIAL OF MISTRIAL
By assignment of error number three, defendant submits the trial court erred by denying his motion for a mistrial urged after a state witness referred to him by his nickname, “Caveman”.
Before trial, defendant moved for a ruling in limine to prohibit the state from referring to or introducing evidence of his nickname. The trial court denied defendant’s motion. Thereafter, Láveme Spikes, the arresting officer, repeatedly referred to defendant, with whom she was obviously acquainted, as “Caveman”. After the seventh such reference had passed without objection by defendant, the state questioned her about the nickname; and Officer Spikes responded that defendant ordinarily used that name. Thereafter, defendant objected; and the court overruled the objection. The court noted, however, that for the purposes of that proceeding, it would be appropriate to refer to defendant by his legal name. Thereafter, the state cautioned each of its witnesses to refer to defendant by his legal name.
Although defendant argues the court erred by denying his motion for a mistrial, the record does not reflect that such a motion was actually made by defendant. The court did not err in failing to grant a mistrial sua sponte. See La.C.Cr.P. art. 775, which authorizes the court to grant a mistrial upon motion of defendant when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial. [Emphasis added.]
After defendant’s complaint, the court noted that further references would not be appropriate. Thus, defendant essentially obtained the only remedy he sought, a prohibition against future references. This assignment of error has no merit.
EXCESSIVE SENTENCE
By assignment of error number four, defendant submits the court imposed an excessive sentence. He contends the sentence is excessive because he received the maximum sentence despite the fact that the victim’s testimony was not credible and the co-defendant, Arthur Mingo, received a probated sentence.
In imposing sentence, the trial court noted that the state had presented convincing evidence that defendant was actually guilty of rape. The court noted that defendant had previously been charged with three counts of attempted murder. The court further noted that the facts of the instant *436 case, including the use of a firearm and the physical abuse suffered by the victim, were particularly brutal.
However, in our review of the record, we have discovered an error which requires that the adjudication of defendant as a multiple offender and the sentence imposed accordingly be vacated.
La.R.S. 15:529.1(D) provides in pertinent part as follows:
[T]he court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section ...
In State v. Johnson, 432 So.2d 815 (La.1983), the Louisiana Supreme Court found that this section implicitly provides that the defendant should be advised by the court of his statutory right to remain silent. 432 So.2d at 817.
The record before us indicates that defendant was advised of his right to be tried as to the truth of the allegations. However, the record does not reflect that defendant was specifically advised that he had a right to remain silent and refuse to acknowledge the truth of the allegations contained in the enhancement charge. The adjudication is, therefore, invalid; and this matter must be remanded for another hearing on the habitual offender petition, and defendant must be resentenced accordingly. See State v. Jones, 504 So.2d 920 (La.App. 1st Cir.1987).
CONVICTION AFFIRMED; SENTENCE VACATED; AND REMANDED.

. Defendant was convicted of sexual battery under docket number 40824 and adjudicated a habitual offender under docket number 42016. Four of defendant’s assignments of error were filed under docket number 40824 and the remaining issue was assigned under docket number 42016. Because these cases were consolidated for purposes of this appeal, we have renumbered and consolidated defendant's assignments of error.