529 So.2d 474 (1988)
STATE of Louisiana
v.
John POLKEY.
No. 87 KA 1722.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
Rehearing Denied September 2, 1988.
*475 Thomas J. Ford, Asst. Dist. Atty., Franklinton, for plaintiff-appellee State of Louisiana.
Clarence Guillory, Public Defender, Franklinton, for defendant-appellant John Polkey.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
John Polkey was indicted by the Washington Parish Grand Jury for aggravated rape, in violation of LSA-R.S. 14:42, and aggravated crime against nature, in violation of LSA-R.S. 14:89.1. Defendant waived his right to a trial by jury. After a bench trial, defendant was convicted as charged on each count. The trial court imposed the mandatory sentence of life imprisonment at hard labor, without benefit of probation, parole or suspension of sentence for the conviction of aggravated rape; and four years at hard labor for the conviction of crime against nature. Defendant appealed, urging two assignments of error, as follows:
1. The evidence is not sufficient to support the verdict.
2. The sentences imposed are excessive.
Defendant was charged with sexual misconduct which occurred over a time period of approximately two years. The victim of the instant offenses is defendant's niece, who was approximately five years old when the conduct began. The victim testified that defendant and three of his brothers repeatedly raped her while she visited her grandmother's home. She testified the rapes began before she entered kindergarten and continued through the summer before she entered the second grade. She further testified that defendant forced her to perform oral sex on him and that he also licked her vaginal area. The victim was eight years old at the time of trial.
The conduct was discovered when the victim's younger sister, who was four years old, complained to her mother that the victim would not let her play with the group. She described a "game," apparently created by defendant's younger brother, *476 Shannon, in which all of the participants, including an eighteen-month-old female, removed their undergarments. The victim's mother became suspicious and decided to talk to her daughters about "good touching" and "bad touching." The victim then told her mother that Shannon had raped her. A physical examination confirmed that the victim's hymen was not intact. The pediatrician who performed the examination reported the child abuse to local authorities.
The victim was counseled by a social worker who specialized in child sexual abuse. The social worker, Rebecca Stilling, testified that, during the course of the therapy, the victim eventually revealed that Shannon had not been the only abuser. She related that the victim told her that defendant, among others, had also raped her and that he was forceful with her and frightened her.
Defendant was originally indicted for aggravated rape, carnal knowledge of a juvenile, aggravated crime against nature, sexual battery, and oral sexual battery. The trial court quashed the charges of carnal knowledge, sexual battery, and oral sexual battery as duplicitous.

SUFFICIENCY OF THE EVIDENCE
By assignment of error number one, defendant submits that the evidence is not sufficient to support the verdict. Defendant admits that the testimony of the victim, if believed, would be sufficient. He contends, however, that her testimony contained enough inconsistencies to discredit her claims. Specifically, defendant argues that the victim's delay in naming him as one of the perpetrators renders her testimony unbelievable. Defendant further claims that Rebecca Stilling's testimony indicates that defendant only engaged in oral sexual activity with the victim. Finally, defendant contends that the testimony of the social worker and a child protection officer should have been excluded as hearsay.
The court on appeal will not assess the credibility of witnesses or reweigh the evidence to overturn a factfinder's determination of guilt. State v. Matthews, 450 So.2d 644 (La.1984). The testimony of the victim is sufficient to establish the elements of the offense. State v. Magee, 517 So.2d 433 (La.App. 1st Cir.1987). The victim specifically testified that defendant had sexual intercourse with her, and she graphically described that activity. The victim also testified that defendant put his penis in her mouth and that he licked her vagina. We find, therefore, that the evidence presented by the state establishes the essential elements of the offenses.
Moreover, defendant's argument that the delay in reporting defendant's participation in the rapes rendered her testimony incredible has no merit. Ms. Stilling, an expert in child sexual abuse, testified that the victim's behavior indicated that she repressed many of the details of the acts until she was able to cope with the anxiety produced thereby. Ms. Stilling also testified that she did not question the victim about the specific details of the types of activity perpetrated by each of the participants because she was attempting to treat the child, rather than investigate the offenses.
Defendant's claim that the testimony of Lou Ann Mayfield, the child protection officer who investigated the offenses, and Rebecca Stilling, the social worker who treated the victim, should have been excluded as hearsay has no merit. Defendant failed to object to the testimony during trial. As a general rule, hearsay evidence to which no objection is lodged constitutes substantive evidence. State v. Hernandez, 488 So.2d 972 (La.1986). Although this rule is inapplicable if the hearsay evidence is the exclusive evidence of the offense or an essential element thereof and is contradicted at the trial by the sworn recantation of the out-of-court declarant, the victim's trial testimony established the elements of the offense and corroborated her out-of-court declarations to Ms. Stilling and Ms. Mayfield.
Aggravated rape includes a rape that is committed where the vaginal sexual intercourse is deemed to be without the lawful *477 consent of the victim because the victim is under the age of twelve years. LSA-R.S. 14:42. Aggravated crime against nature includes unnatural carnal copulation when the victim is under the age of seventeen years and the offender is at least three years older than the victim. LSA-R.S. 14:89.1.
The victim testified that defendant raped her and forced her to engage in unnatural carnal copulation. She further testified that she was first abused before she began kindergarten, and the abuse continued until the summer before she entered the second grade. The victim's mother testified that the victim was eight years old at the time of the trial and that defendant, who is her husband's brother, was nineteen years old at the time of the trial.
The standard for review of the sufficiency of the evidence is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state established the elements of the offense beyond a reasonable doubt. LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). We find that the evidence presented by the state is constitutionally sufficient. This assignment of error has no merit.

EXCESSIVE SENTENCE
By assignment of error number two, defendant submits that the sentences imposed are excessive. In his brief, defendant specifically waives any objection to the four year sentence imposed for the conviction of aggravated crime against nature. Defendant admits that, in State v. Foley, 456 So.2d 979 (La.1984), the Louisiana Supreme Court analyzed the mandatory life sentence for aggravated rape, as required by Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), and determined that the penalty is not disproportionate to the offense. Defendant contends, however, that the mandatory sentence of life imprisonment for the conviction of aggravated rape as imposed in this case is excessive because the offenses did not involve force, threats, or violence and, therefore, this case is distinguishable from that presented in Foley. Defendant also compares the sentence he received to other sentences that could have been imposed for a conviction of a lesser sexual offense, such as forcible rape. Defendant further claims the sentence is excessive because his brother, Shannon, initiated the activity; defendant was only sixteen years of age when he began the series of rapes; and he had no prior criminal record.
In State v. Foley, supra, the Louisiana Supreme Court stated as follows: 
Solem v. Helm, supra, held that a life sentence without benefit of parole imposed on a defendant who had six prior felony convictions was unconstitutionally excessive. Helm wrote a check on a bank at which he had no account. Had he been a first offender, his maximum sentence would have been five years imprisonment and a $5,000 fine. The life sentence was imposed by operation of the South Dakota recidivist statute which specifically excluded the possibility of parole.

Helm held that "a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes.... But no penalty is per se constitutional." 103 S.Ct. at 3009-3010. The Helm court set forth the following objective factors to guide reviewing courts: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentence imposed for commission of the same crime in other jurisdictions. While requiring proportionality analysis, even in noncapital cases, Helm did point out that, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare." 103 S.Ct. at 3009.
Applying these factors to this crime and sentence, defendant's life sentence *478 is not excessive. As to the gravity of the offense, the legal definition of aggravated rape in LSA-R.S. 14:42(2) is virtually identical to that of forcible rape. Distinctions are drawn based on the degree of force and the resistance of the victim. The jury determines the permissible punishment by a verdict which fits the crime by assessing the degree of force employed. State v. Willie, 422 So. 2d 1128 (La.1982).
Defendant does not expressly contend that there is insufficient evidence to convict him of aggravated rape but cites numerous forcible rape cases, and argues that their facts are no more egregious than those here. However, the evidence adduced at this trial justifies the jury's verdict. [footnotes omitted].
456 So.2d at 981-982.
Defendant's claims of mitigating circumstances are without merit. Even if defendant's brother was the first of her uncles to rape the child, defendant willingly engaged in this perverted activity numerous times over a lengthy time period. The Legislature has previously determined that a child under the age of twelve years is not capable of consenting to a sexual act; thus, the use of force, violence, or threats was not necessary to make this offense an aggravated rape. At sixteen, defendant was certainly of an age to understand the consequences of forced sexual activity on a very young, impressionable child. Moreover, defendant was approximately eighteen years old when the activity was stopped; and it was stopped only through the discovery and intervention by the victim's mother. Finally, we note that the state presented evidence through the testimony of the victim and the social workers that defendant raped her in a very forceful manner and that the victim was afraid of him.
As the Louisiana Supreme Court noted in State v. Foley, supra at 983, aggravated rape inflicts mental and psychological damage to its victim and undermines the community sense of security. The physical trauma and indignities suffered by the young victim of this offense were of enormous magnitude. Moreover, the perpetration of this offense by one related to the victim by such a close degree of consanguinity is especially offensive to society as a whole. Finally, considering the age of the victim and the duration of the indignities she suffered, a lesser sentence, even if available, would truly deprecate the seriousness of the offense.
Solem v. Helm, supra, also requires that the sentence be compared with that which could be imposed on other criminals in this state and for this offense in other states. In Foley, supra, the court found as follows:
Louisiana statutes mandate life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for the commission of the following crimes:
(1) LSA-R.S. 14:30, First Degree Murder, where the jury does not unanimously recommend the death penalty;
(2) LSA-R.S. 30.1, Second Degree Murder;
(3) LSA-R.S. 14:42, Aggravated Rape;
(4) LSA-R.S. 14:44, Aggravated Kidnapping; and
(5) Certain offenses under the habitual offender law.
Except for criminal conduct subject to sentencing under the habitual offender statute, mandatory life sentences are imposed only for violent crimes against the person. Louisiana's statutory scheme recognizes five grades of culpability for illegal sexual conduct ranging from aggravated rape to sexual battery. This scheme is complimented by the responsive verdict system. Louisiana does not single out aggravated rape for disproportionate punishment.
Compared with the sentencing statutes of other states for the same crime, Louisiana's statute is not facially excessive. Many jurisdictions (not Louisiana) have adopted, with modifications, the Model Penal Code classifications. Under this Code, rape under these circumstances would be classified as a first degree felony. The ordinary term for such a felony is imprisonment to a minimum term of not less than one year nor more than ten *479 years and a maximum term of life. In Alabama, for example, rape in the first degree is a Class A felony punishable either by life imprisonment or a term of ten to ninety-nine years. If a deadly weapon is used in the commission of the crime, punishment can not be less than twenty years imprisonment. Ala. Code tit. 13A, §§ 13A-6-61, 13A-5-6. In Missouri and Michigan, a life sentence is possible but not mandatory. Mo.Rev. Stat. §§ 566.030, 558.011 and MSA § 28.788(2) [M.C.L.A. § 750.520]. Maryland requires that a person convicted of first degree rape be subject to imprisonment for no more than the period of his natural life. Md.Crim.Law Code Ann. § 462. In Delaware, rape is a Class A felony, carrying a punishment of life imprisonment which cannot be reduced or suspended by the court. Del.Code tit. 11, §§ 764, 4204, 4205.
Thus, while not all jurisdictions surveyed mandate life imprisonment, all view aggravated rape as a serious crime meriting substantial punishment. Unlike the defendant in Helm who could have received his life sentence in only one other state, Foley's sentence could have been meted out in other jurisdictions. [footnotes omitted]
456 So.2d at 983-984.
We find, therefore, that the mandatory sentence for aggravated rape herein is not unconstitutionally excessive under either the Louisiana or United States Constitutions. This assignment of error has no merit.
CONVICTIONS AND SENTENCES AFFIRMED.