LeBLANC, Judge.
The defendant, Mitchell Cox, was charged by grand jury indictment with aggravated rape, a violation of La.R.S. 14:42. *1082 The defendant pled not guilty and, after trial by jury, was found guilty as charged. He was sentenced to the mandatory term of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The defendant appeals, urging as his sole assignment of error that the evidence was insufficient to support the guilty verdict.
On November 10, 1989, at approximately 9:00 p.m., the victim left work and went to the defendant’s residence to pick up her children where defendant’s mother was baby-sitting them. The victim visited with the defendant’s family until about midnight and then returned home. At approximately 3:00 a.m. on November 11, 1989, the victim was wakened from her sleep by something cold between her legs. She thought it was the foot of one of her daughters, who was sleeping with her, but when she reached down she discovered it was defendant’s hand.
Defendant held a gun to the victim’s neck and forced her out of bed and into the living room. At first she did not recognize the assailant because he had a stocking over his head. After they entered the living room, defendant pulled down the shade to block the light coming in from outside and took the stocking off his head. The victim recognized defendant as her assailant. She testified that she knew defendant because they had dated for about three weeks, but she had broken off the relationship prior to this incident. The victim stated that she asked defendant not to do anything to her, but he just kept asking her why she did not love him and would not see him anymore. The victim testified that defendant continuously held the gun on her during this time.
Defendant subsequently forced the victim onto the couch. He laid the gun down within his reach and raped the victim. He then laid down beside the victim, near the gun, and began to fall asleep. After a while the victim tried to reach for the gun, but defendant grabbed her and pushed her down. Defendant then raped her again.
Afterward, defendant put his clothes on; and the victim went to the bathroom where defendant followed her and again questioned her as to why she did not love him. Defendant then went with the victim into the kitchen and drank some milk, which made him sick. The victim also started to feel sick, and defendant helped her take her epilepsy medicine. The victim testified that she lied to the defendant about 5:30 a.m. and told him that he should leave because her ex-husband was coming to pick up the children.
Defendant departed the victim’s home, but left the gun. The victim testified that the gun, which belonged to her, was usually kept in her kitchen above the refrigerator and the defendant knew where she kept it. She stated that when she looked at the gun she noticed that defendant had taken all of the bullets out of the gun, except for one which she had “illegally” loaded in the chamber.
The victim testified that after this incident defendant constantly made harassing telephone calls to her at work and at her home. She told a co-worker about the incident and was advised to notify the police. On November 16, 1989, she contacted defendant’s parole officer, Curtis Hodge, and told him about the rapes. She testified that he urged her to press charges, but she stated that she was scared because it would be her word against defendant’s word. However, on November 17, 1989, Hodge and Washington Parish Sheriff’s Officer Scott Adams arranged to forward the victim’s telephone calls from defendant to the sheriff’s office where they were tape-recorded. As a result of the taped telephone calls and the victim’s statement, defendant was arrested.
ASSIGNMENT OF ERROR:
In his only assignment of error, defendant claims that the evidence was insufficient to support his conviction. He also contends the trial court erred in denying his motions for a new trial and post-verdict judgment of acquittal. Defendant argues that the victim’s testimony was not credible and that the facts do not support the verdict.
Defendant’s mother testified at trial that defendant could not have raped the victim *1083 because he and the victim spent the night of the alleged rape at her house. She further claimed that, on the night in question, the victim slept in the same bed as she did from 1:00 a.m. until 7:00 a.m. The defense argument set forth in brief to this Court is that the victim consented to sexual intercourse with defendant. He suggests that the victim may have accused him of rape because she regretted having sexual activity with him at her home and further argues that the victim’s delay in reporting the rape casts considerable doubt on the veracity of her testimony.
The victim testified that defendant held a gun on her and forced her to have sexual intercourse with him two times without her consent. She also testified that she did not immediately report the rapes to the police or go to the hospital because she was frightened. The State introduced into evidence a tape of telephone calls made by defendant to the victim in which he converses with her about their sexual relations on the night in question and talks about the gun. The State introduced into evidence defendant’s address book in which was written, “Important ... Made love to [victim’s name]. 11-10-89. friday Night.” Also written in the book, “11-10-89. fir-day [sic] ... [victim’s name] beauiful [sic] sex, loving person, 4 stars.” The victim’s neighbor, the victim’s co-worker, Hodge, and Adams also testified on behalf of the State.
The standard of review for the sufficiency of evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier-of-fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See, La. C.Cr.P. art. 821; State v. King, 563 So.2d 449, 456 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (La.1990). This Court will not assess the credibility of witnesses or reweigh the evidence to overturn a factfinder’s determination of guilt. State v. Polkey, 529 So.2d 474, 476 (La.App. 1st Cir.1988), writ denied, 536 So.2d 1233 (1989). The testimony of the victim alone is sufficient to prove the elements of the offense. Furthermore, the trier-of-fact may accept or reject, in whole or in part, the testimony of any witness. Moreover, when there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Johnson, 529 So.2d 466, 473 (La.App. 1st Cir.1988), writ denied, 536 So.2d 1233 (1989).
La.R.S. 14:42 provides, in pertinent part:
A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
* * # * * *
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.
The victim’s testimony established all the elements of the offense of aggravated rape. Moreover, the unanimous guilty verdict returned in this case indicates that the jury accepted the testimony of the State’s witnesses and rejected the testimony of defendant’s witness.
After a careful review of the record, we believe a rational trier-of-fact, viewing all of the evidence as favorably to the prosecution as any rational factfinder can, could have concluded that the State proved beyond a reasonable doubt that the defendant was guilty of aggravated rape. We find this assignment of error to be without merit.
PATENT ERROR:
Although not assigned as error the defendant requests a patent error check. This Court routinely reviews the record for errors patent, regardless of whether such a request is made by a defendant. Under La.C.Cr.P. art. 920(2), we are limited in our patent error review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After reviewing the record, we have discovered no reversible error.
*1084 However, we have discovered a patent sentencing error. The minutes do not reflect that the trial court, in imposing sentence, gave defendant credit for time spent in actual custody prior to sentencing. Such an allowance of credit is mandatory. La.C.Cr.P. art. 880. Patent sentencing error occurs when the trial court fails to specify credit for time served. State v. Hall, 287 So.2d 798, 799 (La.1973); State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Accordingly, we find patent sentencing error and amend the sentence to reflect that defendant is to be given credit for time served prior to the execution of his sentence. See, La.C.Cr.P. art. 882 A. Re-sentencing is not required; however, we remand this case and order the district court to amend the commitment and minute entry of the sentence to reflect that defendant is given credit for time served.
CONVICTION AND SENTENCE AFFIRMED AS AMENDED; REMANDED WITH ORDER.